UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

March 29, 2007

**NOTICE**

**RE: CA06-361T Jackeling Lopez v. United States of America**

Dear Counsel:

A pretrial conference regarding the above case will be held on **Wednesday June 13th, 2007** at **9:30 AM**.. In order to facilitate an informed discussion of the merits of the case and the prospects for settlement, Plaintiff(s) counsel shall contact Defendant(s) counsel prior to that time for the following purposes:

1. Exchanging relevant information and documents.
2. Identifying the facts that are in dispute.
3. Identifying the legal issues.
4. Identifying as precisely as possible the nature of the discovery contemplated by each party.
5. Exploring the possibility of settlement before substantial expenditures of time and money are made.
6. Determining whether this case is candidate for referral to ADR.

**In addition, at the time of the conference, counsel for each party asserting a claim (including a counterclaim and/or cross claim) shall deliver to the Court a written statement enumerating the elements that must be proved to sustain such claim together with citations to the relevant authorities upon which counsel relies.**

**Lead trial counsel (and local counsel, if any) are required to attend the conference.**

COUNSEL ARE INSTRUCTED TO NOTIFY THE UNDERSIGNED CLERKS IMMEDIATELY IF COUNSEL FOR ANY PARTY HAS BEEN OMITTED FROM THE LIST OF COUNSEL RECEIVING THIS NOTICE.

**Counsel shall be prepared to inform the court whether they desire referral to the ADR Administrator or Conference with Magistrate Judge.**

Sincerely,

ERNEST C. TORRES
Chief Judge

BY: Ryan H. Jackson
Ryan H. Jackson, Deputy Clerk - 752-7210

**United States District Court**
**District of Rhode Island**

# ADR INFORMATION SUMMARY

**INTRODUCTION:** The United States District Court for the District of Rhode Island provides this Information Summary as an overview of the Court's Alternative Dispute Resolution Program available to litigants, beginning February 1, 1995. The Court's ADR Program was developed in 1993 as part of it's Civil Justice Reform Act Expense and Delay Reduction Plan (hereafter "the Plan"). On February 8, 1995, the Plan was amended. The Plan is designed to give litigants ready access to case evaluation/and or modern ADR settlement techniques. The program seeks to encourage a mutually satisfactory resolution to disputes in the early stages of litigation. Such early case resolution is likely to increase litigant satisfaction with the judicial process and more efficient use of judicial and private resources. Referral to ADR does not constitute a waiver of any requirement established by statute, local rule, or procedure required by the Court as a whole or the individual district judges of this court.

**CASES SUBJECT TO ADR**: All civil cases filed (except those specifically exempted by the assigned district judge, upon Application to the Court or by Order of this Court) in this district shall be submitted to a settlement conference before a judicial officer within 120 days of a responsive pleading to the Complaint or a Motion to Dismiss pursuant to Rule 12(b)(whichever is filed first) unless the parties elect to participate voluntarily in an approved ADR option offered by the Court. Approved forms of alternative dispute resolution shall include: early neutral evaluation, summary jury and bench trials, mediation and court-annexed arbitration. These alternatives are voluntary, and are not binding (except to the extent that parties may agree to binding arbitration under the Federal Arbitration Act).

## DEFINITIONS

1. **"*Mandatory Settlement Conference*"** is a non-binding settlement process involving a neutral (in most cases a magistrate judge), who works with the parties and their counsel to identify issues, promote settlement dialogue and, if possible, resolve the dispute in a mutually acceptable way. The fundamental goal of this process is to help the parties overcome obstacles to effective negotiation and settlement.

2. "***Early Neutral Evaluation***" (ENE) is a pre-trial process involving a neutral evaluator who meets with the parties early in the development of the litigation to help parties and their counsel focus on the issues, organize discovery, prepare the case for trial and, to the extent possible, aid in the settlement of the case. The evaluator provides an expert assessment of disputed legal and factual issues and estimates the perceived value of the case.

3. "***Summary Jury/Bench Trial***" is a non-binding process in which the parties present an abbreviated version of their respective cases to a mock jury or before a judicial officer. In a summary jury trial, the parties use the decision of the jury and information about the jurors' reactions to the parties' legal and factual arguments as an aid to settlement. A summary bench trial works in the same way, except there is no jury. The Court has already conducted summary jury trials with some success. They are sometimes referred to in this jurisdiction as "mini-trials."

4. "***Mediation***" is a voluntary, non-binding process in which the parties, with the help of a neutral mediator, identify underlying interests and develop acceptable means of addressing those interests and settling differences. The focus in mediation is on the pragmatic needs of parties and the preservation of any relationship that may exist between them.

5. "***Arbitration***" is a non-binding (though parties may agree to binding arbitration under the Federal Arbitration Act), adjudicative process in which a neutral decides the rights and obligations of parties and imposes an appropriate remedy in the form of an award.

**PANEL OF NEUTRAL INTERVENORS**: The Court established a panel of neutral intervenors comprised of individuals whose education, experience, training and character qualify them to act as neutrals in one or more of the ADR options implemented by the Court. Magistrate judges presiding over settlement conferences and the ADR Administrator, serving in the capacity of mediator upon referral of cases by the Court, shall serve without compensation.ADR Panel Members serving as neutral intervenors receive no compensation for the first hour of their service. Thereafter, the parties are equally responsible for an intervenor's compensation at a rate agreed to by the parties, but not to exceed $150 per hour.

**REQUIREMENT TO MEET AND CONFER REGARDING REFERRAL TO ADR:** Prior to a Rule 16(b) Pre-Trial Conference, held pursuant to the Federal Rules of Civil Procedure, the Notice and Order advising the parties of the date and time of the Conference, and any requirements established by the district judge in order to further the objectives of the Conference, as set forth in Rule 16 (a), shall, in addition to any present requirements, include a requirement that parties attending, be prepared to discuss possible referral to the Court's ADR Program. In the case of a district judge who may choose to conduct such conferences by telephone, the parties shall be prepared to discuss whether the parties wish to opt for referral to ADR. The Court shall include with the Notice and Order, this summary ADR information.

**PROCESS OF REFERRAL TO ADR:** If the parties express an interest in referral to ADR, the parties shall be advised by the district judge to contact the ADR Administrator, in order to arrange a mutually convenient time for the parties and the Administrator to meet and to discuss the following: (1) the Court's ADR Program in greater detail; (2) the facts and issues in the case (3) selection of an ADR method most likely to be of value to the parties, and (4) the selection of an ADR Panel Neutral.

**REFERRAL TO ADR PRIOR TO THE RULE 16 CONFERENCE**: Parties may request referral to ADR prior to the Rule 16 Conference. In such cases the parties should contact the ADR Administrator.

**FOR ADDITIONAL INFORMATION PLEASE WRITE OR CALL:** Berry B. Mitchell, Ph.D., ADR Administrator, United States District Court, District of Rhode Island, 1 Exchange Terrace, Room 519, Providence, RI 02903: (401) 528-5252 • Fax: (401) 528-5112