**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JACKELING LOPEZ , PLAINTIFF, | ) | |
| v. | ) | C.A. NO. 06-361T |
| UNITED STATES OF AMERICA, DEFENDANT | ) | |

**UNITED STATES' FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF JACKELING LOPEZ**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant United States of America propounds the following interrogatories to Plaintiff Jackeling Lopez and requires that they be answered separately and fully in writing, under oath, within thirty days from the service hereof, in accordance with the Federal Rules of Civil Procedure and the definitions and instructions set forth herein.

**DEFINITIONS AND INSTRUCTIONS**

As used in these interrogatories, the following definitions and instructions shall apply, unless the context calls for a different meaning:

1. You are to divulge all information that is in your possession, custody, or control, including all information that is in the possession, custody, or control of your attorneys, partners, investigators, agents, contractors, or employees.

2. Answer each sub-part of each interrogatory separately and enumerate it so that it accords with the numeration of the sub-parts of the interrogatories themselves.

3. "Documents" as used herein are defined as documents, records, minutes, notices,

books, papers, contracts, memoranda, invoices, correspondence, notes, calendars, photographs, drawings, charts, graphs, other writings, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer diskette or computer hard drive), written and recorded telephone messages, and any other "documents" as defined in Fed. R. Civ. P. 34. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever, including without limitation notations on the backs of pages thereof), each nonidentical copy is a separate document.

4. "Identify," "identification," or "identity" have the following meanings:

(a) when used in reference to a natural person, it means to state the person's full name, the person's residence address and business address or, if unknown, the last known business and residence addresses, and the person's current or last known business and home telephone numbers; and

(b) when used in reference to a document, it means to state the type of document (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, date or dates, all addressees and recipients, present location or custodian, title, and brief description of its contents; and

(C) when used in reference to an event, act or course of conduct, it means to fully describe that event, act or course of conduct, including the date or dates, those involved, all relevant events and actions, and, if known, the reasons therefore.

5. The term "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, or being connected with, or reflecting upon a stated subject matter.

6. The terms "and," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the interrogatory is not excluded.

7. The term "Plaintiff," "you," or "your" shall refer to plaintiff Jackeling Lopez.

8. The term "Defendant" shall mean defendant United States of America, including its agents, servants, and employees.

9. The term "interrogatory," if not otherwise defined, shall refer to the interrogatories in this document.

10. The term "person" means any natural person, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

11. When an interrogatory requests that you set forth the basis for a contention, claim, or allegation, you shall:

(a) specifically identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or failures to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory;

(d) state separately any other fact which forms the basis of the party's information

regarding the alleged facts or conclusions referred to in the interrogatory; and

(e) separately identify and describe with particularity all evidence, whether documentary, expected testimony, or other evidence, which supports the claim. (In identifying expected testimony, please state with particularity, the name, address and telephone number of the witness, the substance of the testimony which is expected, and the witness's basis for personal knowledge of the events as to which the witness is expected to testify.)

. 12. If you cannot answer any portion of the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder.

13. These interrogatories are intended as continuing interrogatories, and you shall supplement your responses hereto as and when additional information called for herein comes to your attention.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each person that the Plaintiff intends to call as a fact witness or expert witness at trial in this case, identify such witness's full name, current home address, occupation, the subject matter on which the witness is expected to testify at trial, and any expert opinion that the witness is expected to render.

**INTERROGATORY NO. 2:**

In complete, itemized detail, state the basis of the computation of the damages that you seek from Defendant in this case, including each item of expense which you claim you incurred

as the result of the matters described in the Complaint.

**INTERROGATORY NO. 3:**

Identify and describe in detail every statement (written or oral) by Defendant (or any employee, agent, or other representative of Defendant) that you contend supports any of the allegations in your Complaint in this matter.

**INTERROGATORY NO. 4:**

State the factual basis of your claim that any actions of the United States, its agents, representatives and/or employees proximately caused any harm to Plaintiff, specifically identifying as to each such harm the act or omission which allegedly caused the harm.

**INTERROGATORY NO. 5:**

State the entire factual basis for Plaintiff's assertion in Paragraph 8 of the Complaint that "[a]t all times relevant hereto, Plaintiff was in the exercise of due care."

**INTERROGATORY NO. 6:**

State the entire factual basis for Plaintiff's allegation in Paragraph 11 of the Complaint that "the FBI Agent did operate his vehicle in such a manner as to cause it to strike the Plaintiff.

**INTERROGATORY NO. 7:**

Identify each person of whom you are aware who has, or who you believe has, knowledge of any facts related to your claims against Defendant in this action, and for each such individual, describe the facts as to which the individual has knowledge.

**INTERROGATORY NO. 8:**

Describe in detail the nature and extent of any and all injuries (physical and emotional) that Plaintiff allegedly suffered as a result of the actions or omissions of any employee, agent,

and/or servant of the Defendant.

**INTERROGATORY NO. 9:**

If you have made a claim for or have received money, medical payments, benefits, insurance proceeds, or other third-party settlement because of, or related to, the events alleged in the Complaint, state the amount claimed or received and the name and address of the person or entity to whom the claim was submitted.

**INTERROGATORY NO. 10:**

Describe in detail all facts related to the motor vehicle accident in which Plaintiff was involved on November 7, 2003.

**INTERROGATORY NO. 11:**

If you claim that any agent, employee or other representative of the United States made any statement, oral or written, concerning your claims or the defenses in this action, identify the person making the statement; the date, time and place when each such statement was made; whether or not each such statement was oral or in writing; the name and address of each person you believe heard such statement; and the substance of each such statement.

**INTERROGATORY NO. 12:**

Identify each and every medical practitioner, hospital, clinic, or other institution that Plaintiff visited for examination or treatment from November 2000 to the present, and for each such medical practitioner, hospital, clinic or other institution that Plaintiff visited, describe her reasons for doing so, the dates of her visits, and the care that she received.

**INTERROGATORY NO. 13:**

Identify each and every medical practitioner, hospital, clinic, or other institution that

Plaintiff visited for examination or treatment of any injury allegedly resulting from any negligence on the part of any employee, agent or representative of the United States, and for each such medical practitioner, hospital, clinic or other institution that Plaintiff visited, describe her reasons for doing so, the dates of her visits, the diagnosis that she received, and the care that she received.

**INTERROGATORY NO. 14:**

Describe Plaintiff's employment history for the previous ten years, including the dates of each employment, the name and address of each employer, the title of each position she held, her job responsibilities for each position, her rate of compensation for each position, and her reason for leaving each position of employment.

**INTERROGATORY NO. 15:**

Identify all documents which support or contradict your claims in this action, including but not limited to liability, causation, and damages, or the defenses raised in Defendant's answer.

**INTERROGATORY NO. 16:**

Describe Plaintiff's educational background, including the name, location, dates of attendance, and degree received (if any) from each educational institution that she attended.

**INTERROGATORY NO. 17:**

Identify fully any other claim, complaint, or suit for damages, compensation (including workers' compensation, disability, or unemployment), or other relief, Plaintiff ever filed, alleging either a personal injury, illness or disability.

**INTERROGATORY NO. 18:**

Fully identify Plaintiff, including any other names by which she has been known, her date of birth, the addresses of each residence she had in the previous ten years, and her social security number.

ROBERT CLARK CORRENTE

United States Attorney

RICHARD MYRUS

Assistant U.S. Attorney

50 Kennedy Plaza, 8th Floor

Providence, RI 02903

401-709-5000

401-709-5017 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June 2007, I forwarded a copy of Defendant United States of America's First Set of Interrogatories to Plaintiff Jackeling Lopez, by postage prepaid mail, to Peter M. Iascone, Esq., 117 Bellevue Avenue, Newport, RI 02840.

Linda A. Mazmanian